**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDDIE OLIVER, | : | MOTION TO VACATE |
| BOP No. 54756-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3908-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:03-CR-155-3-CAP |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the

AO 72A
(Rev.8/82)

opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 23rd day of November, 2011.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| EDDIE OLIVER, | : | MOTION TO VACATE |
| BOP No. 54756-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3908-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:03-CR-155-3-CAP |

**FINAL REPORT AND RECOMMENDATION**

In 2005, a jury convicted Eddie Oliver of serious federal racketeering and drug crimes. See United States v. Oliver, No. 1:03-CR-155-3-CAP (N.D. Ga. Mar. 25, 2005) [Criminal Case Doc. No. 1067]. The Honorable Charles A. Pannell, Jr., sentenced Oliver to concurrent 292-month sentences on the racketeering and drugs counts. [Criminal Case Doc. No. 1163]. The United States Circuit Court of Appeals for the Eleventh Circuit denied Oliver's appeal, and the Supreme Court declined to grant certiorari. See United States v. Williams, 203 F. App'x 976 (11th Cir. 2006), cert. denied, 549 U.S. 1270 (2007).

Oliver then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, or, in the alternative, for a sentence reduction under 18 U.S.C. § 3582(c)(2). [Criminal Case Doc. No. 1289]. Judge Pannell denied the § 2255 motion [Criminal Case Doc. No. 1318], but reduced Oliver's sentence on the drugs count to a 240-month term of imprisonment

[Criminal Case Doc. No. 1319]. The Eleventh Circuit denied Oliver a certificate of appealability. [Criminal Case Doc. No. 1338].

This matter is once again before the Court because Oliver has filed a second § 2255 motion. [Criminal Case Doc. No. 1385]. For the following reasons, the undersigned recommends that Oliver's second § 2255 motion be denied without prejudice.

Federal law requires that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Oliver has not obtained such certification from the Eleventh Circuit – or if he has, has not included it with his motion – and is therefore ineligible to file a second or successive § 2255 motion.[1]

---

[1] Oliver's § 2255 motion ought not be reconstrued as either a § 2241 petition or a Rule 60(b) motion, for the reasons set forth in Hardy v. United States, No. 09-16180, 2011 U.S. App. LEXIS 21246, at *4-*10 (11th Cir. Oct. 19, 2011)

2

This Court is required promptly to examine § 2255 motions. "If it plainly appears from the motion, any attached exhibits, and the record or prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Here, it plainly appears that Oliver is not entitled to relief.

Further, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336

(2003) (citations and quotation marks omitted).  Oliver has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable.  Issuance of a certificate of appealability is not warranted in this case.

The undersigned **RECOMMENDS** that Oliver's uncertified second or successive § 2255 motion [Criminal Case Doc. No. 1385] be **DISMISSED WITHOUT PREJUDICE**.  The undersigned also **RECOMMENDS** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED and DIRECTED,** this 23rd day of November, 2011.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

4