```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

| | | |
|---|---|---|
| EDDIE OLIVER, | : | MOTION TO VACATE |
| BOP No. 54756-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:13-CV-2838-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:03-CR-155-3-CAP-ECS |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Eddie Oliver's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 1408]. For the following reasons, the undersigned recommends that Mr. Oliver's motion be dismissed and that a certificate of appealability be denied.

Mr. Oliver filed a § 2255 motion in 2011. See [Doc. No. 1385]. That motion was denied. See [Doc. Nos. 1386, 1388]. Mr. Oliver's appeal was dismissed, and his motion for reconsideration was denied. See [Doc. Nos. 1390, 1401, 1406]. Those proceedings were concluded in 2012.

Mr. Oliver has now filed a second § 2255 motion. See [Doc. No. 1408]. There is, however, no indication in Mr. Oliver's motion or in the record of prior proceedings that Mr. Oliver sought and received from the United States Court of Appeals for the Eleventh Circuit permission to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). Without such permission, this Court is

without jurisdiction to consider Mr. Oliver's motion.  See, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Because it plainly appears from Mr. Oliver's motion and the record of prior proceedings that he is not entitled to relief, dismissal of this case is required.  See 28 U.S.C. foll. § 2255, Rule 4(b).  Therefore, the undersigned **RECOMMENDS** that Mr. Oliver's motion [Doc. No. 1408] be **DISMISSED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  28 U.S.C. foll. § 2255, Rule 11(a).  A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted).  Because Mr. Oliver has not indicated that the Eleventh Circuit has authorized his

second § 2255 motion, he has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED,** this 29th day of August, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)