UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDDIE OLIVER,<br>BOP NO. 54756-019<br><br>　　　　　Movant,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CRIMINAL ACTION NO.<br>1:03-CR-0155-3-CAP<br><br>CIVIL ACTION NO.<br>1:13-CV-2838-CAP |

**O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 1409] and the movant's objections [Doc. No. 1412].

The magistrate judge recommended dismissal of the movant's § 2255 motion as untimely. The movant objected arguing that, because the grounds he raised in the motion are based upon a new rule of constitutional law, *Alleyne v. United States*, the statute of limitations begins running from the date of the *Alleyne* decision which was June 17, 2013. However, in order for *Alleyne* to render the movant's § 2255 motion timely under § 2255(f)(3), it

must be retroactive to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). The Supreme Court did not declare that the new rule in *Alleyne* is retroactive on collateral review, nor is it likely to do so. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in *Alleyne* had not been made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi*, which itself is not retroactive); *accord, In re Payne*, —— F.3d ——, 2013 WL 5200425 at * 1–2 (10th Cir. Sept. 17, 2013). Therefore, § 2255 (f)(3) is inapplicable.

The R&R [Doc. No. 1409] is adopted as the order and opinion of this court.

SO ORDERED, this 3rd day of October, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge